*In re* CARMEN IBARRA ORTEGA.

*Número:* O-80-128      *Resuelto:* 31 de marzo de 1982

*Héctor A. Colón Cruz, Procurador General,* y *Eliadís Orsini Zayas, Procuradora General Auxiliar,* abogados de El Pueblo; *Carmen Ibarra Ortega, pro se.*

## RESOLUCIÓN

La presentación de la querella de autos fue motivada por la publicación de un anuncio publicitario en los periódicos "El Vocero" y "El Nuevo Día", los días 7 y 13 de febrero de 1980, respectivamente. Dicho anuncio decía, "Especial para el día de los enamorados, divorcios, $100.00 + sellos, Lcda. Carmen Ibarra Ortega, Tels. 759-9866 y 764-6950". El anuncio publicado en "El Vocero" tenía, además, una ilustración de un corazón dividido en dos. La querella imputó a la abogada violación a los Cánones 36 y 38 y al Preámbulo del Código de Ética Profesional de 1970,(1) por ser el anuncio engañoso o capaz de inducir a error en su contenido, y grosero y ofensivo a la dignidad de la profesión en su formato y presentación.

---

(1) El Preámbulo del Código de Ética señala la importancia de que el abogado se conduzca con integridad y responsabilidad y evite "aun la apariencia de conducta impropia" para que se pueda "mantener un orden jurídico íntegro y eficaz, que goce de la completa confianza y apoyo de la ciudadanía".

El Canon 36 ordenaba originalmente "evitar el uso de métodos comerciales de anuncio, y de cualquier tipo de propaganda que tienda a engendrar pleitos innecesarios, que cree expectativas irrazonables sobre el éxito de las gestiones del abogado, o que pueda afectar la dignidad de la relación de un letrado con su cliente". Mediante resolución de este Tribunal de 30 de junio de 1980 este Canon fue enmendado efectivo el 1 de agosto de 1980 para conformarlo a lo resuelto por el Tribunal Supremo de Estados Unidos en *Bates* v. *State Bar of Arizona,* 433 U.S. 350 (1977). En este caso se decidió que violaba la primera enmienda aplicar una medida disciplinaria del estado de Arizona, que prohibía a los abogados colocar anuncios publicitarios, a dos abogados que habían publicado un anuncio

Conforme la evidencia que desfiló frente al Comisionado Especial nombrado por este Tribunal, los anuncios no fueron ordenados por la licenciada Ibarra, sino por su esposo o amigo íntimo, Ramón Brenes Vázquez, (2) a través de la secretaria de la abogada, Elizabeth Linares. El señor Brenes entregó a la señorita Linares el dinero y el texto para los anuncios pidiéndole que contratara su publicación en ambos periódicos sin informárselo a la abogada, lo cual aquélla hizo a través de un vendedor de cada uno de los periódicos. Les pagó por adelantado y en efectivo, en lugar de esperar a que facturaran a fin de mes, que era la práctica usual de la abogada quien tenía crédito en dichos periódicos.

La ilustración que apareció en el anuncio en "El Vocero" fue añadida en el Departamento de Arte del periódico. En cuanto al de "El Nuevo Día", el vendedor llevó la orden para el anuncio con copia del que ya había sido publicado en "El Vocero". El gerente de anuncios objetó la publicación con la ilustración de "El Vocero", pidiéndole al vendedor que se lo notificara al cliente. No surge del expediente qué ocurrió posteriormente, ni cómo se determinó publicar el anuncio sin la ilustración.

Al salir publicado el anuncio en "El Vocero" la abogada se limitó a expresar a su secretaria su preocupación de que por no especificar el anuncio que el precio aplicaba sólo a

verídico en un periódico, anunciando la disponibilidad y los precios de determinados servicios legales rutinarios. Al enmendarse el Canon 36 se eliminó la prohibición absoluta, enumerando información o contenido de un anuncio que se considera impropio, e información permisible.

El Canon 38 ordena al abogado esforzarse por exaltar el honor y la dignidad de su profesión, evitar la apariencia de conducta impropia, hacer aportaciones conducentes a una mejor administración de la justicia y conducirse de forma digna y honorable.

(2) En una declaración jurada que la querellada acompañó con una moción en que solicitó se desestimara la querella, el Sr. Ramón Brenes compareció como soltero. Asimismo en la declaración jurada de la secretaria de la licenciada Ibarra, Elizabeth Linares Santiago, ésta se refirió al señor Brenes como amigo íntimo de la querellada. En la vista ante el Comisionado Especial, el señor Brenes declaró estar casado con la licenciada Ibarra desde el 6 de junio de 1978.

divorcios no contenciosos, tendría que aceptar todos los divorcios por el mismo precio. En cuanto a la ilustración, declaró la abogada que según su parecer carecía de buen gusto, pero que esto no tenía que ser así para el público.

No surge de la prueba por qué, si la abogada había objetado el anuncio de "El Vocero", a la semana siguiente salió publicado el anuncio de "El Nuevo Día". [3]

Tanto la evidencia presentada por la Procuradora, como la evidencia de defensa de la querellada demostró que los anuncios no fueron ordenados por ésta, sino por su secretaria, a petición de un tercero, [4] quien quería dar una sorpresa a la querellada.

Aunque el récord revela duda sobre si la querellada como cuestión de hecho, estaba enterada de los anuncios antes de su publicación, causa extrañeza su reacción al enterarse de ello, puesto que no le preocupó el impacto que pudiera causar al público al expresar que a lo mejor no les parecería de mal gusto. Olvidó la querellada que precisamente el propósito de los Cánones de Ética referentes a anuncios de ese tipo es el evitar que se empañe la imagen de la profesión de abogado. Tampoco revela el récord que la querellada hubiese tomado medidas para evitar la repetición del anuncio en otro periódico. Su inacción es censurable. Nos preocupa, además, que la querellada fue antes suspendida del ejercicio del notariado por haber declarado falsamente sobre ciertos hechos. La prueba circunstancial referente a la indebida publicación de los anuncios aludidos merece nuestra sanción. Se le impone, por tanto, una multa de $300 que deberá consignar en este Tribunal en cheque certificado o de gerente de un banco, a favor del Secretario de Hacienda de Puerto Rico, dentro de los treinta (30) días después de la notificación de esta resolución.

[3] Tampoco surge claramente si se había ordenado este anuncio antes o después de haber salido publicado el de "El Vocero".

[4] El tercero resulta ser el esposo de la querellada, según el testimonio que él mismo prestara en la vista celebrada ante el Comisionado.

Es de rigor señalar a los abogados la responsabilidad que contraen respecto a las actuaciones de sus secretarias, quienes a veces son culpadas por las acciones u omisiones de los abogados. En este caso existe el agravante de que la secretaria actuó en común concierto con el esposo de la querellada. Aprovechamos esta ocasión para recordar que uno de los anuncios a los que se contrae la queja objeto de nuestra consideración es impropio al contener una ilustración y más aún cuando ambos son susceptibles de considerarse de mal gusto y de poca seriedad profesional, sin que ofrezcan información adecuada, precisa, y enteramente veraz sobre la disponibilidad de servicios legales, sino que, por el contrario, tienden a generar confusión, desconcierto, falsas expectativas y una pobre opinión sobre la seriedad e integridad del profesional que los ofrece y sobre la profesión en general.

Publíquese.

Lo acordó el Tribunal y certifica la Secretaria General. El Juez Asociado Señor Torres Rigual no interviene.

(*Fdo.*) Lady Alfonso de Cumpiano

*Secretaria General*

